■ In the Matter of TOWER ASSOCIATES et al., Appellants, v BOULEVARD TOWERS CONDOMINIUM et al., Respondents. [744 NYS2d 451] —In a proceeding pursuant to Business Corporation Law § 619, inter alia, to set aside the election of the residential members of the Board of Managers of the Boulevard Towers Condominium, the petitioners appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered July 18, 2001, which denied the petition and granted the respondents' cross motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the petition is granted, the election is vacated, and a new election is ordered.

The petitioner Tower Associates (hereinafter Tower) is the sponsor of the respondent Boulevard Towers Condominium (hereinafter the Condominium) and the owner of four unsold residential units. Section 4.9 (E) of the Condominium bylaws provides for the election of residential members of the Board of Managers (hereinafter the Board) by plurality vote. However, section 4.9 (E) is subject to section 4.9 (F) which provides, in relevant part: "[Tower] or its designee shall have the right to

elect the following minimum number of Residential Board Members: (a) two members, for so long as the Residential Interest attributable to any Unsold Units owned by [Tower] or its designee equals, in the aggregate, 35% or more of the Residential Interest; and (b) one member, for so long as [Tower] or its designee owns at least one Unsold Unit."

Since 1987 the parties interpreted this provision to allow Tower to designate residential members to the Board. At the annual meeting of the unit owners held on March 19, 2001, Tower's representative, Thomas Krahn, sought to designate the petitioner Peter Mesos as a residential member. According to Krahn, he was informed that he did not have the right to elect a member, but was only entitled to nominate a member whose nomination would then be voted on by the residential unit owners. The minutes of the meeting indicate that Krahn was informed that he had the right to nominate, not designate, a member, and that he was asked if he wanted "to nominate someone to run for election." Krahn objected and declined to nominate anyone. The respondents Michel Birtz, Judy Lyon Davis, George Mantzaris, Jiri Bezruc, and Michael Hudson were then elected to the Board by the residential unit owners.

Tower and Mesos commenced this proceeding pursuant to Business Corporation Law § 619, among other things, to set aside the election. The Supreme Court dismissed the petition, concluding that Tower did not have the right to designate a member of the Board.

On appeal, the Condominium concedes, as it did in the Supreme Court, that the plurality rule of section 4.9 (E) of the bylaws does not apply to Tower's election of a residential member of the Board and that, pursuant to section 4.9 (F), Tower is guaranteed at least one seat on the Board. It contends, however, that Tower was required to nominate a candidate and then cast a vote for that candidate and was not entitled to simply designate the candidate. Therefore, if Krahn had nominated and voted for Mesos rather than simply designating Mesos as a Board member, Mesos would have become a residential member of the Board.

The Condominium's contention is not supported by the evidence in the record as to what occurred at the meeting. There is no evidence that Krahn was informed that nominating and casting a vote for Mesos would have been sufficient to elect Mesos to the Board. Rather, according to Krahn's version of the events, which was not refuted by the Condominium, he was only given the right to nominate a candidate. The minutes of the meeting also indicate that he was advised that he could

nominate a candidate who would then "run for election." Thus, Tower was denied its right to at least one seat on the Board in contravention of the bylaws. While the bylaws are unclear as to the procedure to be followed by Tower in exercising its "right to elect" a residential member of the Board, the long-standing practice has been for Tower to simply designate a Board member. Absent prior notice, that past practice should have been followed (*see Matter of Ideal Mut. Ins. Co.,* 18 Misc 2d 127, *affd* 9 AD2d 60). Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.