■ GREENS AT HALF HOLLOW, LLC, Respondent, v GREENS AT HALF HOLLOW HOMEOWNERS ASSOCIATION, INC., et al., Respondents, and JACK SOLOMONS et al., Appellants. (Matter No. 1.) In the Matter of GREENS AT HALF HOLLOW HOME OWNERS ASSOCIATION, INC., et al., Respondents. JACK SOLOMONS et al., Appellants, et al., Respondents/Defendants. (Matter No. 2.) [876 NYS2d 885]—

In an action, inter alia, for a judgment declaring that the plaintiff, the Greens at Half Hollow, LLC, has the continuing right to designate a majority of the board of directors of the defendant Greens at Half Hollow Homeowners Association, Inc. (matter No. 1), and a hybrid proceeding, among other things, pursuant to Not-For-Profit Corporation Law § 618 for a judgment declaring invalid an election of the board of directors of the Greens at Half Hollow Home Owners Association, Inc., held on February 15, 2007, and action, inter alia, for injunctive relief

(matter No. 2), which were consolidated for trial, Jack Solomons, Frank Rizzo, Ray Mincone, Charles Massaria, Martin Speciner, and Carole Mirlis appeal from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated August 20, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint in matter No. 1 and denied, in part, that branch of their motion which was for summary judgment dismissing the petition/complaint in matter No. 2, upon searching the record, awarded summary judgment to the plaintiff, the Greens at Half Hollow, LLC, in matter No. 1, and granted in part, those branches of the motion of the petitioners/plaintiffs which were for summary judgment in matter No. 2.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the Greens at Half Hollow, LLC, has the continuing right to designate a majority of the board of directors of the Greens at Half Hollow Homeowners Association, Inc., that the directors designated by the Greens at Half Hollow, LLC, are eligible to serve on the board of directors of the Greens at Half Hollow Homeowners Association, Inc., and that the election of the board of directors of the Greens at Half Hollow Homeowners Association, Inc., held on February 15, 2007, is invalid.

The plaintiff, the Greens at Half Hollow, LLC (hereinafter the Sponsor), established its prima facie entitlement to judgment as a matter of law in matter No. 1 by demonstrating that it has the continuing right to designate a majority of the board of directors of the Greens at Half Hollow Homeowners Association, Inc. (hereinafter the Association). The Association by-laws provide that the Sponsor has that right until "any Homes to be built on the Phase II Property have been conveyed." The evidence reveals that there are condominium units being built on the Phase II Property which have not yet been conveyed.

In response to this showing, the appellants presented no evidence to support their claim that the Sponsor's designated directors are acting in bad faith, and the Sponsor is simply refusing to construct the remaining condominium units. Therefore, the Association's by-laws should be enforced according to their terms (see Matter of Tower Assoc. v Boulevard Towers Condominium, 295 AD2d 525 [2002]; see generally Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).

Accordingly, the Supreme Court properly awarded summary judgment to the petitioners/plaintiffs in matter No. 2, and, upon

searching the record, awarded summary judgment to the Sponsor in matter No. 1 (*see* CPLR 3212 [b]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the Sponsor has the continuing right to designate a majority of the board of directors of the Association, that the directors designated by the Sponsor are eligible to serve on the board of directors of the Association, and that the election of the board of directors of the Association, held on February 15, 2007, is invalid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Skelos, Balkin and Chambers, JJ., concur.